IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MILTON HENDERSON-STUCKEY and**             **PLAINTIFFS**
**MORRIS CRANFORD, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                      No. 4:20-cv-4019-SOH

**ASSOCIATED MANAGEMENT, LTD.,**            **DEFENDANTS**
**and JAMES T. KINCANNON**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Milton Henderson-Stuckey and Morris Cranford (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys Courtney Lowery and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Associated Management, Ltd., and James T. Kincannon (collectively "Defendant" or "Defendants"), they do hereby state and allege as follows:

### I.  JURISDICTION AND VENUE

1. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiffs and all others similarly situated

a proper overtime compensation for all hours that Plaintiffs and all others similarly situated worked.

2.     The United States District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

3.     Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this Complaint. Therefore, this Court has supplemental jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

4.     Defendant conducts business within the State of Arkansas, operating and managing apartment complexes throughout the state.

5.     Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Arkansas.

6.     Plaintiffs were employed by Defendant at one of its apartment complexes located in the Texarkana Division of the Western District of Arkansas.

7.     The acts alleged in this Complaint had their principal effect within the Texarkana Division of the Western District of Arkansas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## II.     THE PARTIES

8.     Plaintiff Milton Henderson-Stuckey ("Henderson-Stuckey") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

9. Plaintiff Morris Cranford ("Cranford") is a citizen of the United States and a resident and domiciliary of the State of Arkansas.

10. Separate Defendant Associated Management, Ltd. ("Associated Management") is a domestic limited partnership.

11. Associated Management's registered agent for service is James T. Kincannon at 3501 Bay Oaks Drive, North Little Rock, Arkansas 72118.

12. Separate Defendant James T. Kincannon ("Kincannon") is an individual and a resident of Arkansas.

### III.   FACTUAL ALLEGATIONS

13. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

14. Kincannon is the owner, principal, officer and/or director of Associated Management.

15. Kincannon manages and controls the day-to-day operations of Associated Management, including but not limited to the decision to not pay Plaintiff a sufficient premium for hours worked in excess of forty (40) per week.

16. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools and equipment used for indoor and outdoor maintenance.

17. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18. At all times material herein, Defendant was an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA and the AMWA.

19. Defendant owns and operates apartment complexes throughout Arkansas.

20. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

21. At all times material herein, Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA and paid them a salary.

22. Defendant employed Henderson-Stuckey as a salaried employee from November 2015 until June of 2017.

23. Defendant employed Cranford as a salaried employee from November of 2010 until December of 2017.

24. At all relevant times herein, Defendant directly hired Plaintiffs and similarly situated employees to work at its apartment complexes, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

25. Plaintiffs worked for Defendant as maintenance workers and groundskeepers, and their duties included mowing lawns, picking up garbage and preparing vacant apartments for new tenants.

26. Plaintiffs were classic "blue-collar workers."

27. Plaintiffs did not have the authority to hire or fire any other employees, nor were there recommendations to hire or fire given particular weight.

28. Plaintiffs did not manage a customarily recognized department or subdivision of the enterprise.

29. Plaintiffs did not direct the work of two or more other full-time employees or their equivalent.

30. Plaintiffs regularly worked in excess of forty (40) hours a week while working for Defendant.

31. Plaintiffs did not exercise independent judgment as to matters of significance.

32. Plaintiffs were not paid for hours worked over forty (40) per week.

33. In addition to their regular pay, Plaintiffs and similarly situated employees received a twenty percent (20%) monthly rent credit.

34. This rent credit was a form of compensation to Plaintiffs and similarly situated employees.

35. During weeks in which Plaintiffs and similarly situated employees worked over forty (40) hours, Defendant paid an improper overtime rate because

Defendant failed to include the value of the rent credit that Defendant provided to Plaintiffs and similarly situated employees when calculating their overtime rate.

36. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as rent credit, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

37. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as the rent credit, in the regular rate when calculating Plaintiffs' and similarly situated employees' overtime pay.

38. Upon information and belief, Defendant's rent credit policy was the same at all of its locations.

39. At all relevant times herein, Defendant has deprived Plaintiffs and similarly situated employees of proper overtime compensation for all of the hours worked over forty (40) per week.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### IV. REPRESENTATIVE ACTION ALLEGATIONS

41. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

42. Plaintiffs bring their FLSA claim on behalf of all other non-exempt employees who received a rent credit and were employed by Defendant at any time within the applicable statute of limitations period, and who are entitled to payment of the following types of damages:

A.   Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

B.   Liquidated damages; and

C.   Attorney's fees and costs

47.   Plaintiffs propose the following collective under the FLSA:

**All employees who received a rent credit and who worked more than forty hours in any week within the past three years.**

48.   In conformity with the requirements of FLSA Section 16(b), Plaintiffs have filed or will soon file a written Consent to Join this lawsuit.

49.   The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

50.   The proposed FLSA collective members are similarly situated in that they share these traits:

A.   They were classified or should have been classified as by Defendant non-exempt from the overtime requirements of the FLSA;

B.   They received a rent credit;

C.   They worked over forty (40) hours in at least one week in which they received a rent credit; and

D.   They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

51. Plaintiffs are unable to state the exact number of the class but believe that there are approximately twenty-five (25) other employees who received an improperly-calculated overtime rate due to rent credit.

52. Defendant can readily identify the members of the Section 16(b) class which encompasses all employees who received a rent credit and worked over forty hours in any week within the past three years.

53. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## V.  FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

54. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

55. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

56. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

57. Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

58. Defendant violated 29 U.S.C. § 207 by not paying Plaintiffs a proper overtime rate for all hours worked in excess of forty (40) per week.

59. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, including rent credit, for Plaintiffs in their regular rate when calculating their overtime pay.

60. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

61. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for, and Plaintiffs seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

62. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VI.    SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of the FLSA)

63. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiffs bring this collective action on behalf of themselves and all other employees who were employed by Defendant and received a rent credit, to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for overtime compensation for all the hours they worked in excess of forty (40) each week.

65. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

66. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as rent credit, given to Plaintiffs and those similarly situated in their regular rate when calculating their overtime pay.

67. Upon information and belief, Plaintiffs and all or almost all employees who received rent credit regularly worked more than forty (40) hours in a week.

68. Upon information and belief, Defendant failed to pay these workers at the proper overtime rate.

69. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

70. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

71. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided for by the FLSA, Plaintiffs and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VII. THIRD CAUSE OF ACTION
### (Individual Claims for Violation of the AMWA)

72. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

73. Plaintiffs assert these claims for damages and declaratory relief pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

74. At all times relevant to this Complaint, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

75. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty in one week and to pay one and one-half times regular wages for all hours worked over forty hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

76. At all times relevant to this Complaint, Defendant failed to pay Plaintiffs a proper overtime premium as required under the AMWA.

77. Despite the entitlement of Plaintiffs to overtime payments under the AMWA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate of pay for all hours worked over forty (40) in each week.

78. Defendant's failure to pay proper overtime wages was willful.

79. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the 3 years prior to the filing of this Complaint pursuant to Ark. Code Ann. § 11-4-218.

## VIII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Milton Henderson-Stuckey and Morris Cranford, each individually on behalf of all others similarly situated, respectfully prays as follows:

    A.    That Defendant be summoned to appear and answer this Complaint;

    B.    A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the AMWA;

    C.    Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the AMWA;

    D.    Judgment for liquidated damages under the FLSA and the AMWA;

    E.    For a reasonable attorney's fee, costs, and pre-judgment interest; and

    F.    Such other relief as this Court may deem just and proper.

Respectfully submitted,

**MILTON HENDERSON-STUCKEY and MORRIS CRANFORD, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

/s/ Courtney Lowery
Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

/s/ Josh Sanford
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com