IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**MILTON HENDERSON-STUCKEY**                                    **PLAINTIFFS**
and **MORRIS CRANFORD**

vs.                              No. 4:20-cv-4019-SOH

**ASSOCIATED MANAGEMENT, LTD.,**                                **DEFENDANTS**
and **JAMES T. KINCANNON**

### JOINT MOTION TO DISMISS WITH PREJUDICE AND FOR APPROVAL OF SETTLEMENT AGREEMENT

COME NOW Plaintiffs Milton Henderson-Stuckey and Morris Cranford (collectively "Plaintiffs") and Defendants Associated Management, Ltd., and James T. Kincannon by and through their undersigned counsel, and jointly submit the following Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement:

1.      Plaintiffs filed this action on March 10, 2020, pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.,* and Arkansas Minimum Wage Act (AMWA), Ark. Code Ann. § 11-4-201, *et seq.*, as a collective action. *See* ECF No. 1. On an individual and collective basis, Plaintiffs asserted that Defendants failed to pay Plaintiffs and other workers a proper overtime premium for all of the hours they worked in excess of forty hours per week, having misclassified them as exempt from the overtime requirements of the FLSA and AMWA. Plaintiffs also sought liquidated damages and attorneys' fees. *Id.* Defendants disputed that Plaintiffs and any putative collective were not compensated for all hours worked, including overtime pursuant to the FLSA and AMWA. *See* ECF No. 7. Plaintiffs chose not to move for collective action certification and have litigated this case on their own behalf.

Page 1 of 6
Milton Henderson-Stuckey, et al. v. Associated Management, Ltd., et al.
U.S.D.C. (W.D. Ark.) Case No. 4:20-cv-4019-SOH
Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement

2. During the course of this litigation, the Parties engaged in discovery, and Defendants produced Plaintiffs' time records and payroll records.

3. Following extensive negotiations between counsel, the Parties have entered into a Settlement Agreement and Release of Claims (Settlement Agreement) resolving the litigation in full and requesting dismissal of the above-captioned action with prejudice. A copy of the Settlement Agreement is attached hereto as Exhibit A.

4. Circuits are split on whether a private settlement of an FLSA claim requires court approval. Compare *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012) (enforcing a settlement that was reached without judicial or Department of Labor approval), with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) (holding FLSA settlements require approval from the district court or Department of Labor), and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (same). The Eighth Circuit has yet to decide this issue. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019).

5. Assuming court approval is required, the Parties request the Court's review and approval of the Settlement and issuance of an Order approving the Settlement as fair, adequate and reasonable.

6. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc.,* 679 F.2d at 1353. A district court may only approve a settlement agreement and enter a stipulated judgment that includes a waiver of FLSA claims after it determines that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties. *Okada v. Eagle's HVAC, LLC*, No. 2:16-CV-02245, 2017 U.S. Dist.

Page 2 of 6
Milton Henderson-Stuckey, et al. v. Associated Management, Ltd., et al.
U.S.D.C. (W.D. Ark.) Case No. 4:20-cv-4019-SOH
Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement

LEXIS 205376, at *3 (W.D. Ark. Dec. 14, 2017) (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353, n.8).

      7.      If the proposed settlement is a reasonable compromise of contested issues, the court should approve the settlement:

> [W]hen the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354.

      8.      Here, the settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. Plaintiffs claim that Defendants misclassified them as salaried rather than hourly employees and failed to pay them overtime compensation for hours worked over forty. Included in Plaintiff's claim for overtime wages are overtime adjustments for rent credits provided to them by Defendants. Defendant denies these claims. Defendant also provided evidence to support an inference that Plaintiffs worked very few hours over forty each week, and so even if Plaintiffs were misclassified, their damages were minimal.

      9.      The settlement follows litigation, including the sharing of time and pay records, by experienced counsel representing both Parties. The Parties also engaged in settlement negotiations conducted by opposing counsel at arms' length through private negotiation. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, a trial, and, potentially, an appeal. The Parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Settlement Agreement. This decision included

Page 3 of 6
Milton Henderson-Stuckey, et al. v. Associated Management, Ltd., et al.
U.S.D.C. (W.D. Ark.) Case No. 4:20-cv-4019-SOH
Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement

evaluating the likelihood of prevailing on the merits of their claims and defenses, as well as the amount of any additional fees and costs that would be incurred as a result of further litigation and the amount of additional fees and costs that will be incurred as a result of winding up this settlement.

10. Pursuant to the Settlement Agreement, Plaintiff Milton Henderson-Stuckey is receiving 117% of his actual damages, and Plaintiff Morris Cranford is receiving 40% of his actual damages. The reason for the reduction in Plaintiff Cranford's damages is that there was contradictory evidence to support his "best day in court" damages amount—40% is a fair resolution given this contradictory evidence. Plaintiffs and their counsel have specifically considered the potential value of their claims based on information gathered from Plaintiffs and Defendants related to the alleged overtime work and have concluded that the proposed settlement provides a fair and reasonable resolution of the claims. Defendants support this result because it eliminates the uncertainties, risks, and cost of further litigation and appeals, despite Defendants' denial of the claims.

11. Under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014) ("An award of attorney's fees and costs to the prevailing employee is mandatory under § 216(b), but the amount of the award is within the discretion of the court."). Pursuant to the Settlement Agreement, Counsel for Plaintiff is receiving $3,200.00, which was negotiated separately from Plaintiffs' award. Counsel for Plaintiffs incurred case costs and fees of $500.00. Counsel

Page 4 of 6
Milton Henderson-Stuckey, et al. v. Associated Management, Ltd., et al.
U.S.D.C. (W.D. Ark.) Case No. 4:20-cv-4019-SOH
Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement

for Plaintiff spent approximately 17 hours litigating this case from complaint drafting, document review, informal discovery, calculation of damages, client communication and settlement negotiations. Plaintiff's counsel's blended hourly rate in this case is $160.71.

12. Accordingly, Plaintiffs and Defendants jointly seek dismissal, with prejudice, of Plaintiffs' claims in this action.  The Parties further request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendants request that the Court enter an order dismissing with prejudice this lawsuit in its entirety and approving the Settlement Agreement, and for all other relief to which they may be entitled.

**Page 5 of 6**
**Milton Henderson-Stuckey, et al. v. Associated Management, Ltd., et al.**
**U.S.D.C. (W.D. Ark.) Case No. 4:20-cv-4019-SOH**
**Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement**

Respectfully submitted,

**PLAINTIFFS MILTON HENDERSON-STUCKEY and MORRIS CRANFORD**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Courtney Lowery
Ark. Bar No. 2019236
courtney@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and    ASSOCIATED MANAGEMENT, LTD., and JAMES T. KINCANNON, DEFENDANTS**

GILL RAGON OWEN, P.A.
425 W. Capitol Avenue, Suite 3800
Little Rock, Arkansas 72201
Telephone: (501) 376-3800
Facsimile: (501) 372-3359

*/s/ Dylan H. Potts*
Dylan H. Potts
Ark. Bar No. 2001258
potts@gill-law.com

*/s/ Danielle W. Owens*
Danielle W. Owens
Ark. Bar No. 2009192
dowens@gill-law.com

**Page 6 of 6**
**Milton Henderson-Stuckey, et al. v. Associated Management, Ltd., et al.**
**U.S.D.C. (W.D. Ark.) Case No. 4:20-cv-4019-SOH**
**Joint Motion to Dismiss with Prejudice and For Approval of Settlement Agreement**